# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Louisville Area Office**
600 Dr. Martin Luther King, Jr Place, Suite 268
Louisville, KY 40202
(502) 694-3940
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/19/2026

**To:** Ms. Tammy S. Washington
103 N 37th Street
LOUISVILLE, KY 40212
Charge No: 474-2025-01195

EEOC Representative and email:    MARCUS SANDERS
INVESTIGATOR
MARCUS.SANDERS@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 474-2025-01195.

On behalf of the Commission,

Digitally Signed By: Ramiro Gutierrez
05/19/2026
Ramiro Gutierrez
Acting Area Office Director

**Cc:**
Teasdale Latin Foods
3701 W Magnolia
LOUISVILLE, KY 40211

Fred Pressley Jr
41 South High Street St 2800 - 3200
Columbus, OH 43215

Please retain this Notice for your records.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Louisville Area Office**
600 Dr. Martin Luther King, Jr Place, Suite 268
Louisville, KY 40202
Website: www.eeoc.gov

May 19, 2026

Ms. Tammy S. Washington
103 N 37th Street
LOUISVILLE, KY 40212

RE:    Ms. Tammy S. Washington v. TEASDALE LATIN FOOD
       EEOC Charge Number: 474-2025-01195

Dear Ms. Tammy S. Washington:

The Commission has completed the investigation of the above referenced charge.

In your EEOC charge, you allege you were subjected to discrimination based on your race and sex, due to you being discharged.

EEOC obtained information from you and Respondent regarding your allegations. Based on our review and analysis of this information, it is unlikely that additional investigation will result in a violation of the statute(s) we enforce. The EEOC has completed the processing of your charge and is issuing you a Determination and Notice of Rights, which will allow you to pursue your claims further by filing a private lawsuit within ninety (90) days of your receipt of EEOC's official notice of dismissal.

Sincerely,

Marcus Sanders
Federal Investigator

Tammy Washington

Equal Employment Opportunity Commission

Re: Tammy Washington v. Teasdale – EEOC Charge No. 474-2025-01195

To Whom It May Concern:

I submit this letter in response to Teasdale's position statement regarding my EEOC Charge No. 474-2025-01195. The company's description of the circumstances surrounding my employment and termination is inaccurate and does not reflect what actually occurred.

I. Misrepresentation of the Reduction in Force and My Position

Teasdale asserts that my employment was terminated as part of a non-discriminatory reduction in force and that my Warehouse Supervisor position was eliminated. This is false.

The third-shift manager who was recently hired was moved into my former position. As a result, the third shift currently has no manager, while my former position has been filled by this individual. This directly contradicts Teasdale's claim that my role was eliminated and that there are no plans to restore the position to prior levels.

The fact that my position was promptly filled, while third shift is now left without a manager, undermines the company's assertion that my termination was solely due to a legitimate reduction in force.

II. My Performance and Contributions as Warehouse Supervisor

Teasdale claims that it evaluated all Warehouse Supervisors based on performance, including effectiveness, productivity, and recorded complaints, and that I ranked the lowest among my peers. This is also inaccurate and does not reflect my actual performance.

Before I joined Teasdale, trucks were taking hours to be loaded and there was little direction in the warehouse. After I was hired, production increased, and trucks were loaded and turned around in a timely manner. When necessary, I personally helped load trucks myself to ensure operations kept moving smoothly. I consistently worked to improve efficiency and support the team.

With respect to complaints, I am only aware of a single recorded complaint regarding my performance. I am not aware of any broader performance issues or disciplinary history that would justify ranking me as the lowest among Warehouse Supervisors. My day-to-day actions and results were focused on improving operations and meeting business needs.

Even after my termination, I continue to receive calls and text messages from warehouse staff asking how to perform certain tasks and how to handle warehouse operations because the current manager does not know how to run the warehouse independently. The staff's ongoing reliance on my knowledge and guidance is inconsistent with Teasdale's claim that I was the least effective or least productive supervisor.

For these reasons, I dispute Teasdale's characterization that my termination was the result of an objective, non-discriminatory performance-based decision.

III. Sexual Harassment Complaint and Retaliatory Treatment

I also wish to address a serious incident of sexual harassment that I reported while employed at Teasdale and how it was handled.

I made a sexual harassment complaint against a first-shift driver who told me that he would stay behind and help me if I agreed to go on a date with him. This conduct was unwelcome and inappropriate. I followed Teasdale's procedures and made a good-faith report of this behavior.

Despite my report, the substance of my complaint was apparently leaked or disclosed to the driver. After learning of my complaint, he filed a complaint against me, alleging that I called people "Sweetie." Even though there were witness statements supporting my original complaint, no meaningful action was taken against the driver, and my concerns were not addressed appropriately.

Instead, the situation was effectively turned around on me. My complaint was not kept confidential, I did not feel protected from retaliation, and I did not see Teasdale take the harassment seriously. This left me feeling that I was not afforded the protection or fair treatment that Teasdale's own policies and the law are supposed to provide.

IV. Overall Inconsistency with Teasdale's Stated Reasons

Taken together, the following facts contradict Teasdale's explanation that my termination was a neutral, non-discriminatory reduction in force based on performance:

My former position was not eliminated – it was filled by another manager, leaving third shift without a manager.

Operational performance in the warehouse improved significantly after I was hired, and I frequently went above and beyond, including personally loading trucks when needed.

I am aware of only one recorded complaint, and warehouse staff continue to rely on my expertise after my separation, which undermines claims that I was the lowest-performing supervisor.

I made a sexual harassment complaint supported by witnesses, which was not adequately addressed, and instead resulted in the harasser learning of my complaint and filing a complaint against me.

These facts, taken as a whole, are inconsistent with Teasdale's assertion that my termination was purely the result of a legitimate reduction in force and performance-based ranking.

V. Conclusion

Based on the foregoing, I respectfully dispute Teasdale's stated reasons and justification for my termination. The company's position statement does not accurately reflect my performance, the true status of my former position, or the manner in which my sexual harassment complaint was handled.

I request that the EEOC take these facts and discrepancies into consideration in investigating my Charge and in evaluating Teasdale's explanation for its actions.

Thank you for your time and attention to this matter.

Sincerely,

Tammy Washington